**Bela–Lisa FRIEDMAN, Plaintiff—Appellant,**

v.

**QUEST INTERNATIONAL FRAGRANCES COMPANY, a Corporation, Defendant—Appellee.**

No. 02–55177, 02–55672.

D.C. No. CV–00–11025–AHM, CV–00–11025–AHM–02.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2003.

Decided March 13, 2003.

Before LAY,\* HAWKINS, and TALLMAN, Circuit Judges.

MEMORANDUM \*\*

It is settled law in this Circuit that circumstantial evidence is sufficient to withstand summary judgment, especially in cases where direct proof of wrongdoing is difficult to obtain. We have held that circumstantial evidence is sufficient to withstand summary judgment in cases involving securities fraud, *Gray v. First Winthrop Corp.,* 82 F.3d 877, 884 (9th Cir.1996), sex and race discrimination, *Godwin v. Hunt Wesson, Inc.,* 150 F.3d

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1217, 1222 (9th Cir.1998), copyright infringement, *Baxter v. MCA, Inc.,* 812 F.2d 421, 423 (9th Cir.1987), RICO, *River City Markets, Inc. v. Fleming Foods West, Inc.,* 960 F.2d 1458, 1463 (9th Cir.1992), antitrust, *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 631 (9th Cir.1987), trademark infringement, *Interstellar Starship Serv., Ltd. v. Epix, Inc.,* 184 F.3d 1107, 1111 (9th Cir.1999), First Amendment retaliation claims, *Ulrich v. City and County of San Francisco,* 308 F.3d 968, 979 (9th Cir.2002), and, significantly, misappropriation of trade secrets. *Droeger v. Welsh Sporting Goods Corp.,* 541 F.2d 790, 792 (9th Cir.1976).

Friedman offered direct proof that Quest had access to her venture proposals, Quest met with its customers, Avon and Estee Lauder, to discuss Friedman's proposals and, according to accepted expert testimony, Quest's customers employed "strikingly similar" ideas in their marketing of the Tommy Girl and Women of Earth fragrances. The only element for which Friedman does not have direct evidence is whether Quest turned her ideas over to its clients in violation of the non-disclosure agreement. However, a reasonable and rational jury could infer from the direct evidence that Quest disclosed the information to its clients. *See T.W.Elec.,* 809 F.2d at 631. Furthermore, admissible expert testimony is generally sufficient to withstand summary judgment. *In re Worlds of Wonder Sec. Litig.,* 35 F.3d 1407, 1425 (9th Cir.1994).

We, therefore, reverse the district court's order entering summary judgment in favor of Quest on all of Friedman's claims and remand for further proceedings. On remand, the district court will need to address, *inter alia,* whether Fried-

man's ideas qualify for trade secret protection. Quest's acknowledgment in the non-disclosure agreement may have some bearing on this determination.

The order entering summary judgment is REVERSED and the case is REMANDED for further proceedings.

The order awarding Quest attorney's fees is VACATED.